IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.

CORINE MANUEL,
*individually and on behalf of all others similarly situated*,

      Plaintiff,

vs.

W.S. BADCOCK CORPORATION
d/b/a/ BADCOCK HOME FURNITURE & MORE,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Corine Manuel brings this class action against Defendant W.S. Badcock Corporation d/b/a Badcock Home Furniture & More, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), and 47 CFR § 64.1200.

2.    Defendant engages in unsolicited prerecorded calls without the requisite consent and even after recipients of its calls have asked for Defendant to stop calling.

3.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of

herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Orange County, Florida.

5. Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Mulberry, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because it is incorporated in Florida and its primary place of business is located in Florida.

8. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

10. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13. A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

14. On or around February 2020, Defendant began calling Plaintiff's cellular telephone with prerecorded voice calls.

15. On or about May 2020, Plaintiff made a demand to Defendant to stop calling her cellular telephone.

16. Defendant refused and continued calling Plaintiff one to two times per day.

17. Since Plaintiff's request asking for the calls to stop, Defendant has continued to call Plaintiff's cellular telephone with prerecorded voice calls.

18. When Plaintiff listened to Defendant's calls, she was easily able to determine that they were prerecorded. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut

fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

19. Plaintiff received the subject call with a prerecorded voice within this judicial circuit and, therefore, Defendant's violation of the TCPA occurred within this circuit. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

20. Plaintiff is the sole user of the telephone number that received Defendant's prerecorded voice calls.

21. Defendant's unsolicited call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life. Additionally, Defendant wasted at least a few minutes listening to Defendant's prerecorded messages, and Defendant's calls rendered Plaintiff's cellular telephone inoperable for other uses while the calls were incoming.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, without the recipient's express consent and/or after the recipient asked for the calls to stop.**

23. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

24. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers,

Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)
*Individually and on behalf of the Class*

32. Plaintiff re-alleges and incorporates paragraphs 1-31 as if fully set forth herein.

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…" 47 U.S.C. § 227(b)(1)(B).

34. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

35. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

36. Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

37. Defendant knew that it did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

38. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

39. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein.

DATED: February 10, 2021

        Respectfully submitted,

        **HIRALDO P.A.**

        /s/ *Manuel S. Hiraldo*
        Manuel S. Hiraldo, Esq.
        Florida Bar No. 030380
        401 E. Las Olas Boulevard
        Suite 1400
        Ft. Lauderdale, Florida 33301
        mhiraldo@hiraldolaw.com
        (t) 954.400.4713